CL

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

|  |  |  |
|---|---|---|
| Irvin Morales, | : | Civ. Action No. 15-5311 (SRC) |
|  | : |  |
| Petitioner, | : |  |
|  | : |  |
| v. | : |  |
|  | : | **MEMORANDUM AND ORDER** |
| Warden, New Hampshire State Prison, and Attorney General, State of New Jersey, | : |  |
|  | : |  |
| Respondents. | : |  |

This matter comes before the Court upon Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) On October 19, 2015, this Court ordered Respondents to file a limited answer to the Petition to address timeliness and Petitioner's request for a stay and abeyance while he exhausts certain of his claims in state court. (Order, ECF No. 3.)

Respondents reviewed the matter and concluded the habeas petition was timely filed. (Letter Response to Habeas Petition, ECF No. 7.) Respondents also consented to Petitioner's request for a stay and abeyance of the habeas petition while Petitioner exhausts his unexhausted claims in state court. (Id.)

A district court cannot address the claims in a mixed habeas petition. See Rose v. Lundy, 455 U.S. 509, 510 (1982) (holding

district court must dismiss a § 2254 habeas petition containing exhausted and unexhausted claims). A district court has discretion to stay and hold in abeyance a mixed § 2254 habeas petition, allowing the petitioner to return to state court to exhaust the unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277-78 (2005). Before granting a stay and abeyance, a district court must determine the petitioner had good cause for failing to first exhaust his claims in state court, and that his unexhausted claims are not plainly meritless. Id. at 277.

Petitioner filed a mixed petition in an abundance of caution to avoid being barred by the one-year statute of limitations if his petition for post-conviction relief were deemed "not properly filed," which would not toll the statute of limitations. (Pet, ECF No. 1 at 22); see 28 U.S.C. § 2244(d)(2) ("the time during which a properly filed application for State post conviction . . . relief . . . is pending shall not be counted toward any period of limitation under this subsection."). This is good cause for filing a mixed petition. See Pace v. DiGuglielmo, 544 U.S. 408, 416 ("[a] petitioner's reasonable confusion about whether a state court filing would be timely will ordinarily constitute 'good cause' for him to file in federal court.")

The Court has reviewed Petitioner's unexhausted claims in Grounds Five through Eight of the Petition. (Pet., ECF No. 1 at 19-21.) The claims are not plainly without merit.

IT IS therefore on this 27 day of April, 2016

ORDERED that Petitioner's motion to stay the habeas petition and hold it in abeyance (ECF No. 1-7) is GRANTED; the habeas petition (ECF No. 1) is stayed and held in abeyance until Petitioner's unexhausted claims have been exhausted in the state courts; and it is further

ORDERED that the Clerk of Court shall administratively terminate this action, subject to reopening upon this Court's Order; and it is further

ORDERED that within 30 days of the final state court decision exhausting Petitioner's habeas claims, Petitioner shall submit a written statement to the Clerk of Court, Martin Luther King Building & U.S. Courthouse, 50 Walnut Street, Newark, NJ 07101, informing the Court that Petitioner has exhausted his state court remedies, and requesting the Court to reopen this 2254 habeas proceeding; and it is further

ORDERED that the Clerk of the Court shall serve this Order on Petitioner by regular mail.

_____
Stanley R. Chesler
**United States District Judge**